UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., as successor-
in-interest to JPMorgan Chase Bank,
N.A. f/k/a JPMorgan Chase Bank, as
Trustee for MASTR Adjustable Rate
Mortgages Trust 2004-8, Mortgage
Pass-Through Certificates, Series 2004-
8

      Plaintiff,

v.                                            Case No:   2:14-cv-591-FtM-38DNF

JOHN W. SPROUSE, JOHN
SPROUSE, DEEP CREEK CIVIC
ASSOCIATION, INC., SECTION 20
PROPERTY OWNERS
ASSOCIATION, INC., UNKNOWN
BENEFICIARIES OF THE 239 RIO
DE JANEIRO TRUST DATED
DECEMBER 18, 2004, JOHN
SPROUSE, ANY AND ALL
UNKNOWN PARTIES, TENANT '35;
1 and TENANT '35; 2,

      Defendants.
_____/

## ORDER[1]

      This matter comes before the Court on review of the docket. Defendant John Sprouse removed this matter to federal court on October 14, 2014, pursuant to 28 U.S.C. § 1331, federal question jurisdiction. (Doc. #1; Doc. #2). Sprouse asserts federal question

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

jurisdiction exists because this action "involves disputes arising under Title 15 of the United States Code, specifically, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, along with Florida versions of these same statutes." (Doc. #2). A review of Plaintiff's Amended Complaint, however, reveals there is no claim in the operative complaint that is brought pursuant to federal law. (See Doc. #11). This is problematic because the Supreme Court of the United States has found, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). Consequently, since there is no federal question presented in the operative complaint it is unclear whether the Court had proper jurisdiction to facilitate this case at the time of removal. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal") (citing Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1332 (11th Cir. 1998)). Therefore, the Court will require Sprouse to show cause as to whether the Court has subject matter jurisdiction in this action. See generally Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

Accordingly, it is now

**ORDERED:**

Defendant John Sprouse no later than **December 30, 2014**, shall **SHOW CAUSE** as to whether the Court has subject matter jurisdiction in this action. If Sprouse fails to

comply with this Order, the Court will remand this action back to Florida state court without further notice. The Clerk is directed to mail a copy of this Order to Sprouse.

**DONE** and **ORDERED** in Fort Myers, Florida, this 9th day of December, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record